**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA

     v.                                     CASE NO.: 4:23-cr-84

PEDRO WALKER,

        Defendant.

## O R D E R

There are three pending Motions and one disputed expert witness statement in this case. On March 22, 2024, the parties filed their Joint Status Report.  Doc. 38-1.  The parties state in their Status Report two of the pending Motions have been resolved, one Motion requires resolution by the Court, and the dispute about the expert witness statement remains unresolved. Each item is addressed below.

The following two Motions have been resolved by agreement: Defendant's Motion for Disclosure of Witness with Memorandum of Authorities, doc. 33; and Defendant's Motion for Disclosure, Discovery and Notice of Other Crimes or Uncharged Misconduct, doc. 34. Therefore, these motions are **DENIED as moot**.

The third pending item, Defendant's Motion to Allow Defendant to Participate in Voir Dire, doc. 35, is unopposed.  The parties do not request oral argument or an evidentiary hearing on this Motion.  Although this Motion is unopposed, the Motion to Allow Defendant to Participate In Voir Dire, doc. 35, is **DENIED**.  The Honorable Lisa Godbey Wood, the Article III Judge assigned to this case, will conduct voir dire in this matter.  Judge Wood will determine what, if any, follow-up questions the parties may submit during voir dire.

The remaining dispute concerns Defendant's Expert Witness Statement.  In the Statement, Defendant identifies Dr. Maher "Max" Noureddine as a potential expert witness.  Doc. 36.  Defendant provides some information about Dr. Noureddine's analysis, prospective testimony, and qualifications.  Defendant also asks permission to supplement the list of experts he intends to use at trial and to expand the scope of witness testimony as necessary.  The Government states Defendant's Expert Witness Statement does not satisfy the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C).  Doc. 37 at 3.  Additionally, the Government opposes Defendant's request to supplement the list of experts and expand the scope of witness testimony.  The parties do not request oral argument or an evidentiary hearing on this matter.

Under Rule 16(b)(1)(C), a defendant must disclose to the Government the following information for use of expert testimony during the defendant's case-in-chief: (1) a complete statement of all opinions the defendant will elicit from the expert during trial; (2) the bases and reasons for those opinions; (3) the expert witness's qualifications, including a list of authored publications in the previous 10 years; and (4) a list of all cases during the previous 4 years in which the expert witness has testified as an expert at trial or by deposition.  Fed. R. Crim. P. 16(b)(1)(C)(i), (iii).  The Advisory Committee Notes to Rule 16 discuss the requirement for a "complete statement of all opinions," noting: "The amendment requires a complete statement of all opinions the expert will provide," though this does not mean "a verbatim recitation of the testimony the expert will give at trial."  Fed. R. Crim. P. 16(b)(1)(C) advisory committee's note to 2022 amendments.  At least one court considering Rule 16 and the 2022 amendment observed the change from "written summary" in the prior version to "complete statement" in the current version "heightened the specificity required in the expert notice."  United States v. Kaur, Crim. No. 3:23cr92, 2023 WL 8654914, at *2 n.3 (E.D. Va. Dec. 13, 2023).

Defendant's Statement regarding Dr. Noureddine does not satisfy the requirements in Rule 16(b)(1)(C). Defendant states he expects Dr. Noureddine to testify about "the collection, processing, and commentary on the accuracy and reliability of the testing performed by the laboratory who performed the DNA analysis in this matter" and about "the ordinary practices and protocols utilized to test DNA." Doc. 36 at 2. In addition, Dr. Noureddine's expert opinion will be "based on his educational background, training, experience, his findings from his review of the discovery materials in this case, and his familiarity with the applicable industry standards." Id.

Defendant's summaries of Dr. Noureddine's testimony and the bases for his opinion and testimony do not meet the specificity Rule 16(b)(1)(C) now requires. Specifically, Defendant has not provided a "complete statement of all opinions" Dr. Noureddine may provide or a sufficient description of the "bases and reasons" for these opinions. While Defendant identifies general topics Dr. Noureddine might testify about, Defendant fails to state what opinions the witness will offer. For example, if Dr. Noureddine has concluded the DNA testing in this case was not properly conducted or the results of the testing are not reliable, then such an opinion must be stated in Defendant's Rule 16(b)(1)(C) disclosure. Put more simply, Rule 16(b)(1)(C) requires more detailed information. Thus, Defendant's disclosure is deficient under Rule 16(b)(1)(C).[1]

However, Defendant has made good faith efforts to satisfy with Rule 16's requirements. In light of those efforts, Defendant shall have an opportunity to cure any deficiencies in the expert witness disclosure. Typically, Rule 16 disclosures must be made "sufficiently before

---

[1]     If Dr. Noureddine will offer no expert opinions, but will simply provide general information about collection, processing, and testing of DNA evidence, Defendant's amended or supplemental notice should clearly state the witness's testimony will be limited to those matters.

trial" to allow the government a "fair opportunity" "to meet the defendant's evidence."  Fed. R. Crim. P. 16(b)(1)(C)(ii).  Additionally, this Court's Local Rules state: "Defendant shall disclose [information that must be disclosed under Rule 16(b)(1)] not more than 7 days after the Government's request[] or promptly after acquiring possession."  Local Crim. R. 16D.  Even so, trial has not yet been scheduled in this case.  The Court discerns no prejudice to the Government that would arise from allowing Defendant additional time to submit an amended or supplemental Rule 16(b)(1) notice.  See United States v. Sampson, Case No. 21-CR-20732, 2024 WL 199546, at *4 (E.D. Mich. Jan. 18, 2024) (noting courts may order a defendant to supplement his Rule 16(b)(1)(C) disclosures); see also United States v. Lujan, No. CR05-0924, 2011 WL 13210662, at *1 (D.N.M. July 12, 2011) (requiring defendant to "exhaustively and conclusively" supplement expert witness's testimony and opinions).

For these reasons, Defendant file any Rule 16(b)(1)(C) disclosure he wishes to file in this case **on or before April 9, 2024**.  Defendant may amend or supplement the previous disclosure related to Dr. Noureddine.  Defendant also requests permission to supplement his list of experts or expand the scope of expert testimony.  Defendant may supplement his list or experts or expand the scope of expert testimony, but Defendant must do so on or before the April 9, 2024 deadline.  If Defendant seeks to identify additional experts or expand the scope of expert testimony after the expiration of the April 9, 2024 deadline, Defendant must move for leave to do so and must expressly state the additional evidence he seeks to present and the reasons for the late disclosure.

The Court finds, as a matter of fact and law, the extension is not for the purpose of delay but in the furtherance of justice and to protect Defendant's right to a fair trial.  Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding the ends of justice

will be served by granting the extension outweigh the best interests of the public and Defendant in a speedy trial, the period of delay—March 26, 2024 through and including April 9, 2024—is excluded in computing the time within which the trial of this matter may commence.

In light of these rulings, the Motions Hearing scheduled for April 3, 2024 at 10:00 a.m., Courtroom 2, Brunswick Federal Courthouse, is **CANCELLED**.

**SO ORDERED**, this 27th day of March, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA